IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABC <br><br>         Plaintiff <br><br> v. <br><br> DEF <br><br>         Defendant | CASE NO. 1:22-cv-07622 <br><br> DISTRICT JUDGE JESSE FURMAN <br><br> MAGISTRATE JUDGE VALERIE FIGUEREDO |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY TRANSFER VENUE

# **TABLE OF CONTENTS**

TABLE OF CONTENTS................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

    (I)  FACTUAL BACKGROUND ............................................................... 2

    (II)  LAW AND ARGUMENT .................................................................. 5

        (a) This court does not have *in rem*, or *quasi in rem*, jurisdiction, nor does it have personal jurisdiction over Defendant ..................................... 6

        (b) This case should be dismissed under the first-filed rule .......................... 11

        (c) Alternatively, this matter should be transferred pursuant to 28 U.S.C. § 1404(a) ................................................................................................ 13

CONCLUSION ........................................................................................................... 17

CERTIFICATE OF SERVICE .................................................................................... 17

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bank Leumi USA v. Ehrlich*,
  98 F. Supp. 3d 637 (S.D.N.Y. 2015)............................................................................................7

*Bartosiewicz v. Nelsen*,
  564 F. Supp. 3d 287 (W.D.N.Y. 2021)...............................................................................6, 7, 9

*Berman v. Informix Corp.*,
  30 F. Supp. 2d 653 (S.D.N.Y. 1998)..........................................................................................16

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007)......................................................................................................7, 8

*Bloom v. Emden*,
  No. 19-CV-10155 (RA), 2022 WL 799096 (S.D.N.Y. Mar. 16, 2022)................................8, 9

*City of Utica v. Mallette,* 159 N.Y.S.3d 288, 290 (N.Y. App. Div. 2021) ....................................6

*Congregation Shearith Israel v. Congregation Jeshuat Israel*,
  983 F. Supp. 2d 420 (S.D.N.Y. 2014)........................................................................................11

*Eres N.V. v. Citgo Asphalt Refining Co.*,
  605 F. Supp. 2d 473 (S.D.N.Y. 2009)........................................................................................13

*Fire and Police Association of Coloroado v. Bank of Montreal*,
  368 F. Supp. 3d 681 (S.D.N.Y. 2019)..........................................................................................6

*Indian Harbor Insurance Co. v. Factory Mutual Ins. Co.*,
  419 F. Supp. 2d 395 (S.D.N.Y. 2005)........................................................................................16

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..................................................................................................................8, 9

*Johnston v. Arbitrium (Cayman Islands) Handels AG*,
  198 F.3d 342 (2d Cir. 1999)........................................................................................................10

*Mastr Asset Backed Securities Trust 2007-WMC1 v. WMC Mortgage LLC*,
  880 F. Supp. 2d 418 (S.D.N.Y. 2012)........................................................................................13

*Paulson v. Guardian Life Insurance Co. of America*,
  No. 22CV2172GHWJLC, 2022 WL 2693632 (S.D.N.Y. July 12, 2022) ...............................13

3716334v.1

*Regions Bank v. Wieder & Mastroianni,*
  P.C., 170 F.Supp.2d 436 (S.D.N.Y. 2001) ..............................................................12

*Shaffer v. Heitner,*
  433 U.S. 186 (1977) ........................................................................................8, 9, 10

*Silver Line Building Productions L.L.C. v. J-Channel Industrial Corporation,*
  12 F. Supp. 3d 320 (E.D.N.Y. 2014) .......................................................................11

*Walden v. Fiore,*
  571 U.S. 277 (2014) ...............................................................................................8, 9

*Wyler-Wittenberg v. MetLife Home Loans, Inc.,*
  899 F. Supp. 2d 235 (E.D.N.Y. 2012) ...............................................................11, 12

**Statutes**

28 U.S.C. § 1332 ...........................................................................................................3, 5

28 U.S.C. § 1391(b)(2) .....................................................................................................13

28 U.S.C. § 1404(a) ......................................................................................1, 5, 13, 17

La. Rev. Stat. § 40:1171.5 ..........................................................................................12, 16

N.Y. Pub. Health L. § 2785 ...............................................................................................16

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ...........................................................................11

N.Y. C.P.L.R. § 302 ......................................................................................................6, 7, 9

N. Y. C.P.L.R. § 314(2) .......................................................................................................5

Fed. R. Civ. Proc. 12(b)(2) ..................................................................................................6

iii

**MAY IT PLEASE THE COURT:**

Defendant, by and through undersigned counsel, submits this Memorandum of Law in Support of his Motion to Dismiss or Alternatively Transfer Venue. This matter is duplicative of—and brought in an unabashed attempt to circumvent the rulings issued in—a suit pending in the United States District Court of the Eastern District of Louisiana. In the Louisiana suit, Defendant in this action alleges claims against Plaintiff for sexual assault based on Plaintiff's misrepresentations during an encounter in New Orleans as to his HIV status, his testing frequency, and/or his medical regimen. After protracted litigation centered on disclosure of Plaintiff's HIV-related information, the Eastern District of Louisiana ordered on August 5, 2022, that Plaintiff must produce certain of his HIV-related information. In anticipation of this ruling, Plaintiff filed the instant action in the Supreme Court of the State of New York, invoking *in rem* or *quasi in rem* jurisdiction over his medical records and requesting a declaratory judgment that his physicians and health care providers be precluded from disclosing his medical records to Defendant or any other third party.

As further explained below, this Court does not have *in rem* or *quasi in rem* jurisdiction or personal jurisdiction over Defendant, and this suit should be dismissed. Moreover, principles of comity and judicial administration support dismissing or transferring this suit pursuant to the first-filed rule to avoid inconsistent adjudications with the first-filed action in the Eastern of Louisiana. Alternatively, should this Court decline to dismiss this action, the interests of justice, judicial economy, and convenience of the parties and witnesses favor transferring this matter to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). Defendant therefore asks that this Court either dismiss or, alternatively, transfer this action in order that the suit may continue without further delay in its original forum—the Eastern District of Louisiana.

1

## I.     FACTUAL BACKGROUND

This suit arises from Defendant's Louisiana-based action against Plaintiff for sexual assault arising from Plaintiff's alleged misrepresentation during an encounter in New Orleans of his HIV status and related information, which vitiated Defendant's consent to have unprotected sex with Plaintiff.

On or about September 24, 2021, Defendant filed a civil action in the Civil District Court for the Parish of Orleans, Louisiana, bringing claims against Defendant for sexual assault under Louisiana law. (*See* Louisiana State Court Petition, R. Doc. 1-1).  Defendant alleges in his Louisiana Petition that, on September 1, 2019, while attending New Orleans' Southern Decadence Festival, Plaintiff invited Defendant back to his hotel room to engage in unprotected sexual intercourse. (*See* G.K. v. D.M., No. 21-cv-02242-GGG-DPC, E.D. La. (hereinafter the "Louisiana Action"), First Amended Complaint, R. Doc. 102, at ¶ 5-6). When Defendant expressed fear of being exposed to HIV/AIDS from engaging in unprotected sex, Plaintiff represented to Defendant that he was HIV-negative, was tested every three months for HIV, and was on PrEP, a commonly known medication that, when used properly, can prevent transmission of HIV. (*See id.* at ¶¶ 8-10). In reasonable and justifiable reliance on Plaintiff's assurances, Defendant engaged in unprotected sexual intercourse with Plaintiff. (*See id.* at ¶¶ 11-12).

Approximately three weeks after his encounter with Plaintiff, Defendant developed a sinus infection which turned into bronchitis, which Defendant now believes represented the symptoms of an acute HIV illness. (*See id.* at ¶ 13). Defendant was subsequently diagnosed with HIV on January 14, 2020 after a routine screening. (*See id.* at ¶14). Defendant thereafter contacted all of his sexual partners from 2019 for whom he had contact information, all of whom provided proof of a timely, negative HIV test upon request—all except for Plaintiff, who refused to provide proof

2

of his HIV status and mocked Defendant's request. (*See id*. at ¶¶15-10). In the Louisiana action, Defendant brings claims against Plaintiff under Louisiana law for sexual assault, alleging that Plaintiff vitiated (by misrepresenting his HIV status, his testing status, and/or his non-use of antiretroviral medications) Defendant's consent to engage in sexual intercourse with Defendant. (*See id*. at ¶ 28).

On December 7, 2021, Plaintiff removed the Louisiana suit to the United States District Court for the Eastern District of Louisiana on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (*See*, Louisiana Action, R. Doc. 1). Since that time, the Eastern District of Louisiana has ruled on two potentially dispositive motions that were filed by Plaintiff in the instant action: (1) a motion to dismiss the Louisiana action filed on December 23, 2022, on the grounds that Defendant had failed to state a claim and that the action was time-barred, (*see* Louisiana Action, R. Doc. 8), and (2) a motion for summary judgment filed on April 8, 2022, asserting both that Defendant's claims necessarily implicated Louisiana Revised Statutes § 14:43.5 and thus failed because of the statute's unconstitutionality and that Defendant's claims further failed because of evidentiary privileges granted by New York and Louisiana laws. (*See* Louisiana Action, R. Doc. 35). The Louisiana Attorney General subsequently intervened in the action as an *amicus curiae* to defend the constitutionality of the Louisiana statute. (*See* Louisiana Action, R. Doc. 66). On July 22, 2022, the Eastern District of Louisiana denied both Plaintiff's Motion to Dismiss and Motion for Summary Judgment, finding in relevant part that Defendant had sufficiently stated timely claims under Louisiana law and that Defendant did not have standing to challenge the constitutionality of the Louisiana statute. (*See* Louisiana Action, R. Doc. 92).

In addition to the motions filed by Plaintiff described above, the Eastern District of Louisiana has also ruled on several deeply contested discovery disputes, the majority of which

3

have concerned Defendant's requests for Plaintiff's HIV-related information. On January 5, 2022, Defendant served his first set of discovery requests upon Plaintiff, requesting, *inter alia*, Plaintiff's HIV status as of September 1, 2019 and that Plaintiff execute a HIPAA authorization to allow Defendant to obtain his medical records. (*See* Doc. 1-3). Plaintiff objected to Defendant's discovery requests, asserting that under Section 2785 of the New York Public Health Law, Defendant had failed to "present evidence to demonstrate a compelling need for the information." (*See* R. Doc. 1-4). On May 31, 2022, Defendant filed hist first Motion to Compel Disclosure of Plaintiff's HIV related information. (*See* Louisiana Action, R. Doc. 45).

The Honorable Magistrate Judge Currault of the Eastern District of Louisiana held an evidentiary hearing on Defendant's Motion to Compel Disclosure on August 3, 2022, during which both Defendant and Defendant's infectious-disease expert, Dr. Brobson Lutz, testified as to the compelling need for disclosure of Plaintiff's HIV related information.  (*See id.*, R. Doc. 103). Following the hearing, on August 5, 2022, the Eastern District of Louisiana ordered Plaintiff to respond to certain of Defendant's discovery requests within 14 days of the signing of the order and further ordered Plaintiff to sign a HIPAA release from January 1, 2017, to the present within 14 days of receipt of the HIPAA release. (*See id.*, R. Doc. 105).

In anticipation of the Eastern District's ruling on Defendant's Motion to Compel—and with the stated intention of side-stepping the rulings of that Court—Defendant filed a civil action in the Supreme Court of the State of New York on July 31, 2022, in which he purports to invoke "*in rem* or *quasi in rem* jurisdiction" over his medical records and asked that the Court declare "no physician, health care provider or other possessor of Plaintiff's HIV related records may disclose their contents to Defendant or any related third party." (*See* R. Doc 1-7, at 1). On August 24, 2022, Defendant removed Plaintiff's New York State matter to this Court pursuant to this Court's

4

diversity jurisdiction under 28 U.S.C. § 1332 while explicitly reserving all other jurisdictional and service-related defenses.

## II.      LAW AND ARGUMENT

In anticipation of the Eastern District of Louisiana's August 5, 2022, ruling requiring Plaintiff to provide Defendant with his HIV-related information—and displeased with that Court's ruling on his dispositive motions—Plaintiff filed the instant action in the Supreme Court of the State of New York requesting a declaratory judgment "that the required circumstances of N.Y. Public Health L. § 2785 have not been met, and that no physician, health care provider or other possessor of Plaintiff's HIV related records may disclose their contents to Defendant or any related third party." (*See* Doc. 1-7, at ¶ 3). In doing so, Plaintiff essentially asks this Court to act in an appellate capacity with respect to the rulings of the Eastern District of Louisiana and seeks for this Court to relieve him of his obligation to comply with another federal district court's orders. Plaintiff attempts to justify his transparent forum-shopping by contending that this Court can issue his requested declaration on the basis that it has "in rem (or quasi in rem) jurisdiction over this property (the HIV records) pursuant to C.P.L.R. 314(2) which warrants service of process upon Defendant." (*See id.* at ¶ 26). Plaintiff's jurisdictional argument is fatally flawed.

The Court further lacks personal jurisdiction over Defendant, and this action should be dismissed. Moreover, dismissal is appropriate under the first-filed rule, which provides that this Court should defer to the court in which the parallel litigation was first filed in determining whether the second-filed action should be allowed to proceed. Finally, should this Court decline Defendant's request to dismiss this action, the interests of justice and judicial economy favor transferring this matter to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).

     **a.** **This court does not have *in rem*, or *quasi in rem*, jurisdiction, nor does it have personal jurisdiction over Defendant.**

In his Complaint, Plaintiff asserts that this Court has *in rem* or *quasi in rem* jurisdiction over his suit. Plaintiff's assertions fail. This Court has neither *in rem* or *quasi in rem* jurisdiction, and the Court further lacks personal jurisdiction over Defendant. The action should be dismissed.

In a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *See Bartosiewicz v. Nelsen,* 564 F. Supp. 3d 287, 293 (W.D.N.Y. 2021) (citing *In re Magnetic Audiotape Antitrust Lit.,* 334 F.3d 204, 206 (2d Cir. 2003) (alterations omitted)). "A prima facie showing of personal jurisdiction requires: (1) procedurally proper service of process, (2) 'a statutory basis for personal jurisdiction that renders such service of process effective' and (3) that 'the exercise of personal jurisdiction . . . comport[s] with constitutional due process principles.'" *See Fire and Police Ass'n of Colo. v. Bank of Montreal*, 368 F. Supp. 3d 681, 693 (S.D.N.Y. 2019) (internal quotations and citations omitted); *see also City of Utica v. Mallette*, 159 N.Y.S.3d 288, 290 (N.Y. App. Div. 2021) ("It is well settled that a court may exercise personal jurisdiction over a non-domiciliary where two requirements are satisfied: the action is permissible under the long-arm statute (CPLR 302) and the exercise of jurisdiction comports with due process[.]").

In determining whether the statutory basis for personal jurisdiction exists, district courts generally look to the laws of the state in which the court is located. *See Bartosiewicz*, 564 F. Supp. at 293 (citations omitted). "There are two ways that New York exercises personal jurisdiction over non-residents: general jurisdiction pursuant to New York Civil Practice Law and Rules ("CPLR") 301 . . . or specific jurisdiction pursuant to CPLR 302." *Id*. (quoting *Thackurdeen v. Duke Univ.*,

130 F. Supp. 3d 792, 298 (S.D.N.Y. 2015) (alterations and internal quotation marks omitted)). General jurisdiction "exists only when a [party's] contacts with a state are so continuous and systematic as to render [it] essentially at home in the forum State." *See Bank Leumi USA v. Ehrlich*, 98 F. Supp. 3d 637, 654 (S.D.N.Y. 2015) (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) (internal marks omitted)). Thus, an individual is normally subject to general jurisdiction in the place of his domicile. *See Bartosiewicz*, 564 F. Supp at 293 (citations omitted).

"Specific or conduct-linked jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation." *See Bank Leumi USA,* 98 F. Supp. 3d at 654. New York's long-arm statute, C.P.L.R. § 302, provides the list of activities that might give rise to specific jurisdiction, including transacting business in the state, committing a tortious act in the state, or owning, using, or possessing real property within the state. *See* N.Y. C.P.L.R. § 302; *see also Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 244 (2d Cir. 2007) ("The reach of New York's long-arm statute . . . does not coincide with the limits of the Due Process Clause. Analysis under it therefore may involve two separate inquiries, one statutory and one constitutional. If jurisdiction is statutorily impermissible, of course, we need not reach the question of its constitutionality.").

If the Court finds that one of these statutory bases for jurisdiction is present, the Court should next determine if the exercise of personal jurisdiction comports with due process: whether "Defendant has sufficient 'minimum contacts' with the forum state to justify the court's exercise of personal jurisdiction" and whether its exercise of jurisdiction comports with traditional notions of fair play and substantial justice." *See Bartosiewicz,* 564 F. Supp. 3d at 298 (citing *Chloe v.*

7

*Queen Bee of Beverly Hills, LLC,* 616 F.3d 158, 164 (2d Cir. 2010)); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *See Walden v. Fiore*, 571 U.S. 277, 286 (2014). Accordingly, in analyzing whether the requisite minimum contacts exist, the Court should consider whether the alleged connection between the defendant and the forum (here, New York) was purposefully established by the defendant—in other words, whether Defendant has purposefully availed himself of the benefits and privileges of conducting affairs in New York. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242–43 (2d Cir. 2007) ("[T]he crucial question is whether the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[]' . . . 'such that [the defendant] should reasonably anticipate being haled into court there[.]]'") (internal quotations and citations omitted)).

Plaintiff purports to rely on *in rem* and *quasi in rem* jurisdiction, but the analysis is the same as above. "In rem jurisdiction concerns a court's ability to determine title to, or the status of, property physically located within the court's jurisdiction." *See Bloom v. Emden*, No. 19-CV-10155 (RA), 2022 WL 799096, at *5 (S.D.N.Y. Mar. 16, 2022). On the other hand, "[*q*]*uasi in rem* jurisdiction typically involves situations where the plaintiff is seeking monetary relief against the defendant, but because the court does not have personal jurisdiction over the defendant, the plaintiff seeks to attach or garnish property within the court's jurisdiction in order to satisfy the judgment." *See id.* at *6 n.3 (citing Wright & Miller, *Jurisdiction Based on Property—In General*, 4A Fed. Prac. & Proc. Civ. § 1070 (4th ed.)). "In *Shaffer v. Heitner*, the Supreme Court held that the minimum contacts test established in the *International Shoe* case that governs personal

8

jurisdiction should also be applied to *in rem* and *quasi in rem* actions." *See id.* (citing *Shaffer v. Heitner*, 433 U.S. 186, 207–08 (1977)); *Shaffer*, 433 U.S. at 207 ("[I]n order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising 'jurisdiction over the interests of persons in a thing.' The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in International Shoe." (internal citations and footnotes omitted)).

Here, Defendant lacks the minimum contacts to support jurisdiction. Defendant is a previous citizen of Arizona and a current citizen of Florida. (*See* Exhibit A, Declaration of Defendant, G.K., ¶ 2). Moreover, Defendant has only visited New York once in 2016 with a religious group affiliated with his college and has been to New York's airports only to catch connecting flights. (*See id.*, ¶¶ 3-4). Defendant does not own any property in New York, or have any other connection to, or contacts with, New York. (*See id.*, ¶¶ 5-6).

In light of Defendant's limited contact with New York, it is clear that this Court does not have general or specific jurisdiction over him (and that *in rem* jurisdiction similarly fails). General jurisdiction is lacking because Defendant is not domiciled in New York. *See, e.g., Bartosiewicz*, 564 F. Supp. 3d at 295 ("Defendant is a resident of Minnesota and is not subject to general jurisdiction in New York pursuant to CPLR 301."). Specific jurisdiction is likewise lacking because this cause of action does not arise from any of the acts enumerated in N.Y. C.P.L.R. § 302 and, even if it did, Defendant does not have sufficient minimum contacts with New York for this Court's jurisdiction over him to comport with due process. *See Walden,* 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum."); *City of Utica,* 159 N.Y.S.3d at 290 ("[C.P.L.R. 302] also requires, however, 'an "articulable nexus" or "substantial relationship"' between the cause of action, or an element thereof, and defendant's alleged contacts

9

with New York State[.]") (citations omitted). Defendant cannot be said to have purposefully availed himself of any of the rights or privileges granted by New York, especially where the underlying encounter at issue occurred in New Orleans, Louisiana, and constituted sexual assault under Louisiana law. Moreover, there is no "articulable nexus" or "substantial relationship" between the cause of action—a sexual assault that occurred in Louisiana—and Defendant's (minor) contacts with New York. The Court accordingly lacks jurisdiction over Defendant.

For similar reasons, Plaintiff's arguments for *in rem* or *quasi in rem* jurisdiction fail. As noted, the United States Supreme Court has held that the same minimum contacts that govern whether the Court can maintain jurisdiction over this action without offending the requirements of due process. *See Shaffer*, 433 U.S. at 207. And here, there is neither general nor specific jurisdiction over Defendant; the arguments for *in rem* jurisdiction thus fail, and this action should be dismissed. (*See generally, id.*; Exhibit A, Declaration of Defendant, G.K.).

Relatedly, Plaintiff's arguments for *in rem* and *quasi in rem* jurisdiction fail for another reason. For this Court to have *in rem* or *quasi in rem* jurisdiction over this action, the matter must concern some property in which Defendant has a sufficient legal interest that demonstrates Defendant's intent to benefit from New York's laws. *See Schaffer,* 433 U.S. at 207; *Johnston v. Arbitrium (Cayman Islands) Handels AG,* 198 F.3d 342, 348 (2d Cir. 1999) ("If an *in rem* action is brought involving an out-of-state party's rights with respect to property in the forum state, on the other hand, the forum court ordinarily has the power to decide the case *insofar as it affects those rights*." (emphasis added)). This case, however, does not concern Defendant's "vested or contingent interest" in Plaintiff's medical records as those terms are contemplated within the statute; indeed, Defendant does not have an ownership interest in those records, which is the exact reason why Defendant has had to seek compulsory disclosure in the Eastern District of Louisiana.

10

*See* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining an "interest" as "[a] legal share in something; all or part of a legal or equitable claim to or right in property"). Defendant does not have any claim to ownership property in New York, and this case should be dismissed for lack of jurisdiction. (*See* Exhibit A, Declaration of Defendant, G.K., ¶ 5).

### b.   This case should be dismissed under the first-filed rule.

"The 'first-filed' rule is a well-settled legal doctrine, instructing that 'where there are two [or more] competing lawsuits, the first suit should have priority[.]'" *See Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 243 (E.D.N.Y. 2012) (quoting *First City Nat'l Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). In order for the first-filed rule to apply, the cases need not be identical; rather, there need only be "substantial overlap" of parties and factual issues. *See id.* at 244. "The 'first-filed' rule enables courts to prevent 'duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue.'" *See id.* (quoting *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995)).

Where the rule applies, the forum of the first-filed action is the forum that should decide whether the second action should be allowed to proceed. *See Silver Line Bldg. Prods. L.L.C. v. J-Channel Indust. Corp.*, 12 F. Supp. 3d 320, 328 (E.D.N.Y. 2014) (collecting cases); *Congregation Shearith Israel v. Congregation Jeshuat Israel*, 983 F. Supp. 2d 420, 422 (S.D.N.Y. 2014) (explaining that the Southern District of New York has "'laid down a bright-line rule for situations such as this: The court before which the first-filed action was brought determines which forum will hear the case'" (quoting *MSK Ins., Ltd. v. Emp'rs Reins. Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002)). The district court in which the second-filed action exists nonetheless has discretion to either stay or dismiss the matter in accordance with what it "deems proper to 'avoid

11

duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication.'" *See Wyler-Wittenberg.,* 899 F. Supp. 2d at 247 (quoting *Regions Bank v. Wieder & Mastroianni*, P.C., 170 F.Supp.2d 436, 439 (S.D.N.Y. 2001)).

Here, the case of G.K. v. D.M., case number 21-2242, which was first filed in Orleans Parish Civil District Court in September of 2021 and removed to the Eastern District of New Orleans in December of 2021, (*see generally*, Louisiana Action, R. Doc. 1), was filed before Plaintiff instituted this action in New York Superior Court on July 31, 2022. Moreover, the parties and operative facts in the instant suit are identical to those raised in the Louisiana Action: in his Complaint, Plaintiff asks this Court to determine the exact issue that was presented to the Eastern District of Louisiana through Defendant's Motion to Compel Disclosure of HIV-Related Information, i.e., whether Plaintiff can be compelled to disclose his HIV-related information under New York Public Health Law § 2785, Louisiana Revised Statutes § 40:1171.5, or otherwise. (*See* Louisiana Action, R. Doc. 54). After a full evidentiary hearing on the issue on August 3, 2022, the Eastern District of Louisiana rejected Plaintiff's request to preclude discovery of his HIV information, finding that Defendant had sufficiently presented compelling reasons for limited disclosures. (*See* Louisiana Action, Order Granting in Part and Denying in Part Motion to Compel, R. Doc. 105). Plaintiff has presented the same issues raised in relation to Defendant's Motion to Compel Disclosure and effectively asks this Court to reconsider the decisions of the Eastern District of Louisiana. Plaintiff should not be permitted to forum-shop his way to a favorable outcome. The first-filed rule applies here, and the interests of justice and judicial economy favor dismissing this suit. *See Regions Bank v. Wieder & Mastroianni, P.C.,* 170 F. Supp. 2d 436, 439

(S.D.N.Y. 2001) ("In order to promote judicial economy, if competing cases are filed in two federal courts, 'the general principle is to avoid duplicative litigation.'").

### c. Alternatively, this matter should be transferred pursuant to 28 U.S.C. § 1404(a).

A case may be transferred under 28 U.S.C. § 1404(a) "to any district or division where it might have been brought[.]" "Determining whether transfer is appropriate is a two-step inquiry. First, courts are required to determine whether the case could have been brought in the proposed transferee district, if that district has personal jurisdiction over the defendant and venue is proper there." *See Paulson v. Guardian Life Ins. Co. of Am.*, No. 22CV2172GHWJLC, 2022 WL 2693632, at *2 (S.D.N.Y. July 12, 2022) (quotations omitted). If the threshold inquiry is met, courts are further instructed to consider the following ten factors:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to a plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances.

*See id.* "The convenience of witnesses is typically the most important factor when considering a motion to transfer." *See Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 480 (S.D.N.Y. 2009). In weighing this factor, "the convenience of non-party witnesses is accorded more weight than that of party witnesses." *See Mastr Asset Backed Sec. Trust 2007-WMC1 v. WMC Mortg. LLC*, 880 F. Supp. 2d 418, 422 (S.D.N.Y. 2012).

Here, the threshold inquiry is plainly met: this case could have (and has in fact) been brought in the Eastern District of Louisiana, because the alleged actions giving rise to Defendant's Louisiana claims took place in New Orleans, Louisiana. *See* 28 U.S.C. 1391(b)(2) ("A civil action

13

may be brought in—(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").[1] Thus, the determination turns on the balancing of the totality of the factors listed above.

First and foremost, the interests of justice and trial efficiency support transferring this matter to the Eastern District of Louisiana. The Louisiana Action has been pending for approximately one year, during which time the Eastern District of Louisiana has ruled on two of Plaintiff's potentially dispositive motions and resolved several deeply contested discovery disputes, including a Motion to Compel Rule 26(f) Conference, a Motion for Protective Order, and most recently and significantly, a Motion to Compel Disclosure of Defendant's Confidential HIV-Related Information, which was decided after a full evidentiary hearing. (*See generally*, Litigation Action, at R. Docs. 31, 92, 105). The trial in the Louisiana Action is set for the first week of January, and the expert and discovery deadlines will soon pass. (*See* Scheduling Order, Louisiana Action, R. Doc. 40). Yet, now that he has received multiple unfavorable rulings in the Eastern District of Louisiana, Plaintiff seeks a "do-over" and asks that this Court reconsider the rulings of the Eastern District.[2] Plaintiff should not be permitted to forum-shop his way to a more favorable outcome. The interests of justice and judicial economy favor transferring this matter to the Eastern

---

[1] Importantly, Plaintiff in this action has never contested personal jurisdiction in Louisiana, and any such argument would be both meritless and waived.

[2] Defendant's intent is evident from the face of his New York Complaint. *See* Doc. 1-7, at 3 ¶ 19 ("Plaintiff invokes this Court's jurisdiction seeking the benefit of New York's strong public policy protecting health related information in service to the greater public interests of encouraging testing and treatment th[r]ough strict confidentiality.); *id*. at 4, ¶¶ 23-25 (explaining that the Eastern District of Louisiana denied his Motion to Dismiss and Motion for Summary Judgment and that, "as directed by the District Court, discovery is underway in earnest. Defendant has demanded access to Plaintiff's HIV information"). Defendant's New York Complaint also invokes (1) New York Public Health Law § 2785, (2) New York Civil Law and Practice Rules § 4504, and (3) the *Thibodaux* abstention doctrine, all three of which were examined extensively by Magistrate Judge Currault in her Order and Reasons granting in part Plaintiff's Motion to Compel.

14

District of Louisiana and permitting Defendant to litigate the remainder of his case before the Court that has exercised jurisdiction over, and expended substantial resources in considering, the central issues in this case, including those now raised by Plaintiff in this New York suit.

The remaining factors likewise favor transfer. The factors concerning the convenience of witnesses and the ability to compel unwilling witnesses weigh in favor of transferring this action to the Eastern District of Louisiana. No witnesses—aside from Plaintiff—reside in New York. Indeed, all identified and/or subpoenaed witnesses reside in Louisiana, Nevada, Arizona, or Illinois. More to the point, both Defendant's *and Plaintiff's* experts reside in the Greater New Orleans Area. Indeed, on September 5, 2022, Plaintiff's counsel notified Defendant's counsel that Plaintiff has retained Matthew Holcomb, PhD, a psychologist based in Metairie, Louisiana, as an expert in this matter. (*See* September 5, 2022 Email from Brian DeLaurentis, Exhibit B). Defendant's expert, Dr. Brobson Lutz, is also based in New Orleans, Louisiana, and has already testified in the Louisiana Action in connection with Defendant's Motion to Compel Disclosure. (*See generally*, Declaration of Dr. Brobson Lutz, Louisiana Action, R. Doc. 54-4). The first and fourth factors thus favor transfer.

The third, seventh, and eighth factors—the locus of operative facts, the forum's familiarity with the governing law, and the weight accorded to a plaintiff's choice of forum—similarly weigh in favor of transfer. This action arises from an alleged sexual assault that took place in New Orleans. Defendant asserts claims in the Louisiana Action against Plaintiff for sexual assault pursuant to Louisiana law. Notably, Plaintiff has also asserted the importance of Louisiana law as it relates to Defendant's claims against him—moving for summary judgment on the grounds that Defendant's claims depend upon an unconstitutional Louisiana statute, a motion that prompted the Louisiana Attorney General to participate as an *amicus curiae* to defend the constitutionality of

15

the Louisiana statute. (*See* Louisiana Action, R. Docs. 35, 66). Moreover, Louisiana and New York laws governing HIV disclosure are not in conflict, (*compare* N.Y. Pub. Health L. § 2785 with LA. REV. STAT. § 40:1171.5)—a conclusion already reached by the Eastern District of Louisiana. Defendant's assertions that a New York forum is required for interpretation of New York Public Health Law § 2785 are consequently without merit. The Louisiana court can and should oversee resolution of the Louisiana claims at issue in this case, and Defendant should be allowed to litigate the remainder of his case in the forum of his choosing. These factors favor transfer to the Eastern District of Louisiana.

Finally, the convenience of the parties, access to evidence, and relative means of the parties favor transfer. Any convenience afforded to Plaintiff by litigating this action in his own state is an insufficient basis for maintaining the current forum. *See Berman v. Informix Corp.,* 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998) ("The fact that plaintiff resides in New York and is bringing this action *pro se* is in itself insufficient to shift the balance in favor of keeping the action in the Southern District of New York."). This is particularly true where none of the non-party witnesses reside in New York and the relevant evidence—such as medical records, text messages, and bank statements—are all easily requested and produced electronically. *See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005) ("The convenience of non-party witnesses is accorded more weight than that of party witnesses."). Moreover, given the significant time and expense that has already been expended in litigating the merits of this action in the Eastern District of Louisiana, the inconvenience and prejudice that Defendant would suffer from the action being maintained (and essentially restarted) in New York far exceeds the inconvenience to Plaintiff in having to litigate the action in Louisiana. The second, fifth, and sixth factors thus also weigh in favor of transfer.

16

In sum, because all of the relevant factors weigh in favor of transfer, the Court should grant Defendant's Motion and, if it finds that dismissal is inappropriate at this time, transfer this action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).

## III.   CONCLUSION

For the foregoing reasons, Defendant requests that this Court dismiss the action or, in the alternative, transfer this action to the United States District Court for the Eastern District of Louisiana. Defendant further requests any additional relief deemed just and appropriate by the Court.

Respectfully submitted,

*/s/ Danielle Teutonico* _____
Danielle Teutonico, N.Y. Bar No. 5657325
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
dteutonico@fishmanhaygood.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Danielle Teutonico* _____

17